# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LISA JOHNSON-BARKER, as Administrator of the Estate of Markus Johnson, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 21 C 1234 |
| WEXFORD HEALTH SOURCES, INC., et al., | ) ) | Hon. James E. Shadid, Judge |
| Defendants. | ) ) | Hon. Eric I. Long, Mag. Judge |

## PLAINTIFF'S MOTION FOR STATUS CONFERENCE

Plaintiff Lisa Johnson-Barker, as Administrator of the Estate of her son, Markus Johnson, respectfully requests that the Court schedule a status conference to address a discovery dispute regarding deposition time that, in Plaintiff's view, can be efficiently addressed by the Court in conversation with the Parties without a motion to compel.

If the Court would prefer a motion to compel, however, Plaintiff will of course follow the Court's instruction in that regard.

In support of her motion for a status conference, Plaintiff states as follows:

1.  This case concerns the agonizing death of Markus Johnson while on crisis watch at Danville Correctional Center. Dozens of medical and security personnel interacted with Markus as he grew progressively weaker and more disoriented and, ultimately, died from dehydration in September 2019. The testimony of these individuals who interacted with Markus and failed to provide him with care—*i.e.*, the Individual Defendants—will be a crucial part of the evidentiary record in this case. Indeed, because Markus is dead, he cannot testify about these matters himself.

2.  After several meet-and-confers, in October 2022, Plaintiff filed a motion to compel sufficient time to depose the Individual Defendants in this case. [Dkt. 90] In October and

November 2022, Defendants filed oppositions and Plaintiff filed her reply. [Dkts. 102, 103, 105, 106, 108]

3. In March 2023, Judge Long issued an order on Plaintiff's motion. [Dkt. 121] Plaintiff appealed the order to Judge Shadid. [Dkt. 124] In May 2023, the District Court issued its ruling, granting Plaintiff additional deposition time. [Dkt.131]

4. Pursuant to the District Court's ruling, Plaintiff was granted 110 hours to depose the 35 remaining Individual Defendants, *i.e.*, the number of Individual Defendants that had not been deposed by the date Plaintiff filed her motion to compel on this subject. [*See* Dkt. 131 at 6] The Court, referring to Judge Long's Order, explained that Plaintiff could file a motion if additional time was required. [*Id.*]

5. To date, Plaintiff has used roughly 105 of the 110 hours allocated to depose 26 of the 35 remaining Individual Defendants and one 30(b)(6) witness for the Illinois State Police, who conducted the criminal investigation into Markus's death.[1] This averages approximately 4 hours per deponent. Many recent depositions have concluded in far less time than that.

6. Plaintiff estimates that she requires 18 hours to complete all remaining Individual Defendant depositions. There are 9 remaining Individual Defendants, and Plaintiff expects that 1-2 hours per remaining Individual Defendant will be sufficient, given that, in general, these

---

[1] This calculation *includes* the 3 hours used for a second deposition of Wexford Employee and Defendant Anastacia Goin (aka Raryan White), which was required because the Defendant lied during her first deposition to conceal certain information that required a second deposition to explore. Accordingly, depending on the calculation, Plaintiff used 102 and not 105 of her 110 hours already allocated. Plaintiff believes that asking the Court to resolve this and other fine points regarding the calculation of deposition time would be a poor use of everyone's resources, and is an additional reason that Plaintiff is presenting this issue to the Court with a request for a status, instead of via a motion to compel.

particular Defendants had relatively fewer interactions with Markus than other Defendants and because Plaintiff has been able to gather general information from other deponents.

7. Over the past couple weeks, Plaintiff has conferred with Defendants about her request for an average of 2 hours for the depositions of each of the remaining Individual Defendants. In response, Defendants have offered only 9 total hours for the remaining 9 defendants, or an average of 1 hour per Defendant.[2] Given the formalities of a deposition, the many witnesses who purportedly have difficulty recollecting anything until they see documents, an average of 1 hour each for 9 remaining Individual Defendants is unworkable and unnecessarily limited.

8. Plaintiff has pleaded with Defendants for a reasonable accommodation—an average of 2 hours per witness. But Defendants, led by Wexford, have refused Plaintiff's requests.

9. Rather than submitting briefing from all parties on a full-blown motion to compel, Plaintiff respectfully suggests that it will be simpler and more efficient to discuss these matters at a status conference. Accordingly, Plaintiff asks the Court to hold a status conference to provide the parties with guidance on the amount of time that Plaintiff may use for the remaining Individual Defendant depositions, or simply order that Plaintiff may have 18 hours for that purpose.

10. In addition to the Individual Defendant depositions, Plaintiff has noticed 30(b)(6) depositions from Wexford and IDOC. Neither Wexford nor IDOC have told Plaintiff how many representatives they will be designating to testify on behalf of the respective entity. Without that information, Plaintiff cannot estimate the total number of hours that will be required for those

---

[2] Plaintiff asked Defendants for 20 hours total when there were 10 Individual Defendants remaining to be deposed. One more deposition has occurred, therefore Plaintiff now requests just 18 hours for 9 depositions.

depositions. Nevertheless, Plaintiff would be happy to discuss the remaining 30(b)(6) depositions at the status conference as well.[3]

WHEREFORE, Plaintiff respectfully requests that the Court hold a status conference to discuss the time permitted for deposing the remaining Individual Defendants or, in the alternative, Order that Plaintiff may have 18 hours for that purpose.

Respectfully submitted,

/s/ Howard Kaplan
Howard Kaplan
*Attorney for Plaintiff*

Howard Kaplan
KAPLAN & GRADY LLC
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 852-2614
howard@kaplangrady.com

---

[3] Although Lt. Matthew Barber was designated as the 30(b)(6) representative for the Illinois State Police, he testified at his designation that he was not aware of that designation and was not prepared to speak on certain topics about which he lacked personal knowledge. Again, Plaintiff has decided against discounting his deposition time-on-record to simplify matters for the Court.

**CERTIFICATE OF SERVICE**

      I, Howard Kaplan, an attorney, hereby certify on March 13, 2024, I caused the foregoing to be filed using the Court's CM/ECF, which effected service on all counsel of record.

      /s/ Howard Kaplan
      Howard Kaplan
      Attorney for Plaintiff